IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-535-BO

| | |
|---|---|
| WILLIAM RONNIE ADAMS, II,<br>    *Plaintiff*,<br><br>v.<br><br>THOMAS EDWARD BAILEY,<br>CORINNA S. BAILEY,<br>GEOFFREY V. PARKER, JR,<br>AND CORINNA B. PARKER,<br>as trustees of the THOMAS<br>EDWARD BAILEY REVOCABLE<br>TRUST AND CORINNA S. BAILEY<br>REVOCABLE TRUST,<br>    *Defendants*. | O R D E R |

  This matter is before the Court on defendants' motion to dismiss [DE 16] plaintiff's initial complaint [DE 1]. Plaintiff has since filed both an amended complaint and a response in opposition to defendants' motion to dismiss. [DE 18, 19]. Defendants have not filed a responsive pleading to either plaintiff's initial or amended complaint. [DE 1, 18]. Defendants' motion to dismiss is now ripe for adjudication. [DE 16]. For the following reasons, defendants' motion to dismiss is denied as moot. [DE 16].

  Rule 15(a) of the Federal Rules of Civil Procedure permits a party to "amend its pleading once as a matter of course within … 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed R. Civ. P. 15(a)(1)(B). Critically, "[a] motion to dismiss is not a responsive pleading for the purposes of Rule 15(a)." *See Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993). Further, a party's timely filed amended pleading supersedes the original pleading. *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). As such, any "motions directed at the

superseded pleading are [generally] to be denied as moot." *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, No. 3:10-cv-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (citing *Colin v. Marconi Commerce Sys. Emps.' Ret. Plan*, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004)). *See, e.g., Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002)) (denying as moot the defendants' motions to dismiss plaintiff's initial complaint because plaintiff's amended complaint superseded the initial complaint).

In the instant matter, plaintiff filed his initial complaint on September 29, 2023. [DE 1]. On February 1, 2024, defendants filed their motion to dismiss plaintiff's complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. [DE 16]. *See Domino Sugar Corp.*, 10 F.3d at 1068 n.1. Shortly thereafter, on February 14, 2024, plaintiff filed an amended complaint. [DE 18]. Because plaintiff properly filed his amended complaint within 21 days of defendants' Rule 12(b) motion, plaintiff's amended complaint supersedes the original complaint. [DE 1, 18]. *See* Fed. R. Civ. P. 15(a)(1)(B); *Young*, 238 F.3d at 573. Consequently, defendants' motion to dismiss plaintiff's initial complaint is now moot. *See, e.g., Turner*, 192 F. Supp. 2d at 397; *Hall*, 2011 WL 4014315, at *1.

Therefore, the Court orders that defendants' motion to dismiss [DE 16] plaintiff's initial complaint be DENIED AS MOOT.

SO ORDERED, this 21 day of May, 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE